UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICE BOSSART, RAYMOND BERRY,

                    Plaintiffs,

        v.

JOHN WILSON, JEFF DARROW, DOES
1-100, KING COUNTY,

                    Defendants.

CASE NO. 2:26-cv-00773-BAT

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION, DKT. 8**

Defendants have filed a Fed. R. Civ. P. 12(b) motion to dismiss Plaintiffs' complaint arguing among other things the Court lacks 28 U.S.C. § 1331 subject matter jurisdiction and Plaintiffs have failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

For the reasons below, the Court **GRANTS** the motion and **DISMISSES** this matter without prejudice for lack of jurisdiction.

This lawsuit regards Plaintiffs' claim the King County Defendants cannot impose property taxes on Plaintiff's real property in King County, Washington because the land originated "in a federal land grant" which Plaintiffs allege under federal law bars Defendants from imposing any taxes on their land. *See* Dkt. 1 at 1–2. Plaintiffs contend Defendants John Wilson and Jeff Darrow "assessed and enforced" the collection of taxes against their Plaintiffs'

land in violation of Plaintiffs' federal land grant. *Id.* at 5. As relief, Plaintiffs request the Court declare federal law bars the state and county from imposing taxes on their land, Defendants be enjoined from collecting such taxes, and Plaintiffs be awarded damages. *Id.* at 6. Plaintiffs contend the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. *Id.* at 3.

In response to the complaint, Defendants move the Court to dismiss the case for lack of subject matter jurisdiction. Dkt. 8. If the Court finds it lacks subject matter jurisdiction, "the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). As subject matter jurisdiction involves the Court's power to hear this case, it cannot be forfeited or waived. *Id*.

Plaintiffs disagree and argue the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the "action arises under the laws of the United States including federal land grant statutes" and raises a federal question. "Federal land patents and acts of Congress do not provide bases for federal question jurisdiction." *Virgin v. Cnty of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000). This has been the law since 1912, *Shulthis v. McDougal*, 225 U.S. 561, 569–70 (1912), and a determination that has been repeatedly upheld. *See Virgin*, 201 F.3d at 1143; *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 676–77 (1974) (once a land grant issues, the incidents of ownership are matters of local property law and not federal questions).

Plaintiffs also argue the Court has § 1331 subject matter jurisdiction because their complaint raises a federal question under 42 U.S.C. § 1983. To plead a cause of action under § 1983, Plaintiffs must set forth sufficient facts establishing they suffered a violation of a right protected by the Constitution or created by federal statute and the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). They present no violation of the Constitution or a federal statute. The basis of Plaintiffs'

complaint is the allegation Defendants Wilson and Darrow acted under color of law by assessing and enforcing taxation of their land in violation of the supremacy clause. But the supremacy clause is not itself a source of any federal right. Rather, the clause simply secures other federal rights over conflicting state laws. *See Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 613 (1979). Moreover, "an allegation of incompatibility between federal and state statutes and regulations, does not, in itself, give rise to a claim secured by the Constitution under the supremacy clause." *Id.* at 615. As § 1983 is a remedial statute that does not itself create any substantive rights, Plaintiffs must plead and prove a separate federal constitutional or statutory violation. Plaintiffs have failed to do so. Instead they allege a violation of the supremacy clause, which does not, alone, give rise to a violation of federal law.

The Court concludes it lacks § 1331 subject matter jurisdiction. Plaintiffs also allege subject matter jurisdiction under § 1343, but fail to present a federal constitutional or statutory basis to establish such jurisdiction. Plaintiffs allege jurisdiction under § 1343 exists for the same reason they claim jurisdiction under § 1331 exists—that under the supremacy clause, Defendants may not tax their land because it is protected by a federal land grant. As noted above, the supremacy clause does not give rise to a substantive right. The *Chapman* Court also held § 1983 is not a basis to bring claims under § 1343 because § 1983, itself, "does not provide any rights at all." *Id.* at 618.

The Court lacks subject matter jurisdiction under § 1331 and § 1343. Plaintiffs' reliance on the supremacy clause fails because the clause itself is not a source of a federal right. As Plaintiffs' complaint fails to set forth a federal constitutional or statutory right that was violated, the complaint should be dismissed.

The Court accordingly **ORDERS**:

1.      Defendants' motion to dismiss Dkt. 8, is **GRANTED** and the case is **DISMISSED** without prejudice.

2.      The Clerk shall provide a copy of this order to the parties.

DATED this 17th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS FOR LACK OF JURISDICTION, DKT. 8 - 4